In the Matter of the Accounting of S. PETER LA ROSA, as Executor of JOHN REIDL, Deceased. JOSEF FORST et al., by Their Attorneys in Fact, WOLF POPPER ROSS WOLF & JONES, Appellants, S. PETER LA ROSA, as Executor of JOHN REIDL, Deceased, Respondent.

First Department, May 13, 1965.

*Robert J. Silberstein* of counsel (*Martin Popper* with him on the brief; *Wolf Popper Ross Wolf & Jones,* attorneys), for appellants.

*S. Peter La Rosa,* respondent in person.

*Per Curiam.* The appeal is from the provisions of the decree settling the account of the executor which direct the deposit of certain legacies pursuant to section 269-a of the Surrogate's Court Act. The legatees affected are domiciled in Czechoslovakia and are nationals of that country.

Section 269-a of the Surrogate's Court Act provides that where it appears that a legatee would not have the benefit of the money or property constituting his legacy, the decree may direct that such money or property be paid into the Surrogate's Court for the benefit of such legatee. Such direction is entirely proper where the legatee resides in a foreign country and there is reason to believe that the legacy might be confiscated in whole or in part (*Matter of Braier,* 305 N. Y. 148; *Matter of Weidberg,* 172 Misc. 524). When the Surrogate should use his discretion to apply the section depends on the proof before him. The Surrogate relied on prior decisions where it was held that legacies going to inhabitants of countries behind the "iron curtain" were properly withheld. Two of those decisions (*Matter of Marek,* 13 A D 2d 917, affd. 11 N Y 2d 740, and *Matter of Klein,* 203 Misc. 762) dealt with Czechoslovakian residents. In *Klein,* the holding was that there was no differentiation established between the various countries under the aegis of the Soviets. The *Marek* case was decided in 1956. The proof here shows a plan called the Tuzex program which was put into effect in 1958. It was shown that there is an organization in Czechoslovakia called the Tuzex Foreign Trade Organization. It maintains stores in Czechoslovakia and also has purchasing agents here and possibly in other countries. It publishes a catalogue of the merchandise it has for sale with fixed prices. The articles may be obtained either in the stores or by order to be fulfilled by the purchasing agent in the foreign country. Purchases are paid for in certificates issued by the organization. Upon delivery of the merchandise, a receipt is obtained from the consignee. The recipient of a certificate may either use it himself or transfer it. The proof was that such certificates have been widely used and there is no record that any such certificate, or the merchandise represented by it, has been confiscated, either directly, through the imposition of taxes, manipulation of exchange rates, or otherwise. We believe that the proof shows that this program provides a reasonable assurance that legacies to Czechoslovak residents will reach the beneficiaries. It was further established that the United States Government has placed no restrictions on the purchase of such certificates for use of estate legatees in Czechoslovakia.

The decree should be modified on the law and the facts to permit distribution to the legatees of their respective legacies through the medium of Tuzex certificates, with costs payable out of the estate to all parties filing briefs. Settle order fixing terms of payment of legacies.

BREITEL, J. P., RABIN, VALENTE, EAGER and STEUER, JJ., concur.

Decree unanimously modified, on the law and the facts, to permit distribution to the legatees of their respective legacies through the medium of Tuzex certificates, with $50 costs to all parties filing briefs payable out of the estate. Settle order on notice fixing terms of payment of legacies.